13-4226-pr
Nelson v. McGrain

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fifteen.

PRESENT: REENA RAGGI,
            RICHARD C. WESLEY,
            GERARD E. LYNCH,
                  *Circuit Judges.*

---------------------------------------------------------------------

JEFFREY A. NELSON,

                *Plaintiff-Appellant,*

        v.                               No. 13-4226-pr

MARC McGRAIN, Correctional Officer,
                *Defendant-Appellee.*

---------------------------------------------------------------------

FOR APPELLANT:          Jeffrey A. Nelson, <u>pro se</u>, Attica, New York.

FOR APPELLEE:          Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General; Martin A. Hotvet, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED IN PART and the case is REMANDED for further proceedings consistent with this order.

New York State prisoner Jeffrey A. Nelson, proceeding pro se, sued Correctional Officer Marc McGrain, pursuant to 42 U.S.C. § 1983, for conduct allegedly violative of the Eighth Amendment prohibition of cruel and unusual punishment and the First Amendment prohibition of retaliation for protected speech, specifically, the filing of prison grievances. The district court granted summary judgment in favor of McGrain, and Nelson now appeals from that judgment insofar as it dismissed his First Amendment claim.[1] We review an award of summary judgment de novo, resolving all factual ambiguities and drawing all reasonable inferences in favor of nonmovant Nelson, and we will affirm only if the record reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011).[2] We assume the parties' familiarity with

---

[1] This Court granted Nelson leave to proceed in forma pauperis on May 8, 2014, only with respect to his First Amendment retaliation claim, and dismissed the appeal in all other respects. We therefore review the district court's decision only insofar as it dismissed Nelson's First Amendment claim.

[2] Although the district court's decision was ambiguous as to the relief it granted, having cited the standards for both a motion to dismiss and a motion for summary judgment, we deem it to have granted summary judgment in favor of McGrain. Indeed, McGrain moved for summary judgment and supported his motion with evidence outside the pleadings. See Fed. R. Civ. P. 12(d) (stating that court must treat Rule 12(b)(6) motion as one for

the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to vacate in part and remand.

To state a First Amendment retaliation claim, a prisoner must demonstrate (1) protected speech or conduct, (2) adverse action by the defendant, and (3) a causal connection between the two. See Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003). While the filing of prison grievances is a protected activity, see id. at 352–53; Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996), "[o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action." Davis v. Goord, 320 F.3d at 353 (internal quotation marks omitted). In making the latter determination, a court's inquiry "must be tailored to the different circumstances in which retaliation claims arise, bearing in mind that prisoners may be required to tolerate more than average citizens before a retaliatory action taken against them is considered adverse." Id. (internal quotation marks and alterations omitted). Nevertheless, a prisoner can state a retaliation claim in the absence of actual deterrence. See Gill v. Pidlypchak, 389 F.3d 379, 384 (2d Cir. 2004) ("[T]he fact that a particular plaintiff . . . responded to retaliation with greater than 'ordinary firmness' does not deprive him of a cause of action.").

Although the district court acknowledged that Nelson asserted claims under the First and Eighth Amendments, it appears to have analyzed his claims only under the latter,

---

summary judgment where "matters outside the pleadings are presented to and not excluded by the court"). We therefore review the district court's decision under the standard governing an award of summary judgment.

3

performing no independent First Amendment analysis of Nelson's claim of retaliation. See Nelson v. McGrain, No. 12 Civ. 6292 (MAT), 2013 WL 5739043, at *2–3 (W.D.N.Y. Oct. 22, 2013). Accordingly, we vacate the judgment insofar as it awarded judgment on Nelson's First Amendment claim and remand for the district court to consider that claim in the first instance.

The district court is further directed to consider whether Nelson's allegations, understood as retaliation claims, excused any failure to exhaust administrative remedies as to his sexual assault allegations and his claim that false misbehavior reports were filed against him. See Hemphill v. New York, 380 F.3d 680, 686–90 (2d Cir. 2004) (excusing failure to exhaust where (1) administrative remedies unavailable to inmate, (2) defendants waive defense of non-exhaustion or are estopped by own conduct inhibiting inmate's exhaustion, or (3) special circumstances justify inmate's failure to exhaust administrative remedies).

The judgment of the district court is VACATED IN PART and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4